*Smalley & Adams*, for defendant.

### John H. Burton *vs.* Jonathan Brush.

FRANKLIN,
January,
1832.

In an action of *assumpsit* on promissory note, commenced before a justice of the peace, and appealed to the county court, a plea in offset in two counts, one in assumpsit on simple contract, and the other in debt on judgement, was held, on demurrer, to be sufficient.

This was an action of *assumpsit* on a promissory note, for two dollars and seventy-five cents. It was commenced before a justice of the peace, and on the trial by the justice, the defendant pleaded in offset twenty dollars, for goods sold and delivered to the plaintiff, and also a judgement recovered by defendant against the plaintiff, for two dollars and ninety-six cents. The justice rendered judgement for the defendant, and the plaintiff appealed to the county court, where the defendant filed the following plea :

*Franklin county court, September Term*, 1830. And now the defendant in court appears, pleads and says, that he did not assume and promise in manner and form as the plaintiff in his declaration hath alleged ; and of this he puts himself on the country for trial.

And for further plea, the defendant says, that the said John H. is indebted to him, the defendant, in divers large sums of money for this, to wit, that, whereas, heretofore, to wit, on the 1st day of March, 1830, at St. Albans aforesaid, the said John H., being indebted to the defendant in the sum of twenty dollars, for goods wares and merchandize, before that time, by the defendant, sold and delivered to the plaintiff, at his, the plaintiffs, special instance and request ; and being so indebted, he, the said John H., in consideration thereof, afterwards, to wit, on the day and year last aforesaid, at St. Albans aforesaid, undertook and promised the defendant to pay him said sum of twenty dollars, when he should be thereto afterwards requested, yet the defendant, not regarding his promise so by him made as aforesaid, hath not paid said sum of money, or any part thereof, though often thereto requested, to wit, on the 2d day of March, 1830, at St. Albans aforesaid, but

FRANKLIN,
January,
1832.

Burton
vs.
Brush.

so to do hath ever neglected and refused, and still doth refuse ; to the damage of the defendant twenty dollars.

And also for that, whereas, heretofore, to wit, on the 2d day of March, 1830, the said Jonathan, at a justice's court holden at St. Albans, aforesaid, on the 2d day of March, 1830, before William H. Wilkins, justice of the peace, in and for the county aforesaid, recovered a judgement, by consideration of said court, against the said John H., for the sum of two dollars, ninety-six cents, for his costs in that behalf expended ; which said judgement remains in full force, not paid, vacated or discharged ; to the damage of the said Jonathan ten dollars.  The defendant, therefore, prays, that said sums of money may be offset against the demand of said John H., and that he, he said Jonathan, may recover the balance which shall be found due him from the said John H., according to the statute in such case made and provided."

The plaintiff demurred to the plea, and assigned the following special causes of demurrer, to wit :  "1st.  That the subject matter set forth in the several counts in the defendant's plea in offset, cannot be joined.  2d.  The defendant in the second count in his plea in offset does not allege that the plaintiff is indebted to the defendant in any sum of money, and that he concludes to the *damage* of the defendant.  3d.  The said plea in offset in other respects is vague, uncertain, &c."

The cause having been decided in the county court on the foregoing plea and demurrer, was brought to this Court on a case reserved, where, after argument,

WILLIAMS, J., delivered the opinion of the Court.—This action was originally commenced before a justice of the peace, and must be determined on the true construction of the justice act.

The defendant has pleaded an offset in a declaration of two counts, one in assumpsit, and the other debt on judgement, to which the plaintiff has demurred.  The 12th section of the justice act secures to the defendant in an action, when the plaintiff is indebted to him by bond, bill, note, book or other contract, the right to plead the same in offset, and provides that judgement shall be rendered for such sum as shall be found in arrear from either party.  Hence, if the action is debt on judgement, a sum due on note, book or bond, may be pleaded in offset, and *vice versa*, if the action is on note or bond, a sum due on a judgement may be pleaded in offset.

If there is any technical difficulty arising from the rules of pleading, in the application of the provisions of the statute, it is our duty to give effect to the statute.  The forms and rules of pleading

must yield to the statute, and not the statute to forms. Such, however, is the course of practice in actions before a justice of the peace, that no difficulty will be found in carrying the provisions of the statute into effect, while the action remains before the magistrate. It is only when the cause comes into the county court by appeal, where the claim and the defence have to be presented by pleadings in the usual form, that the difficulties which have been suggested by the plaintiff, if they have any foundation, can occur. We are called to the inquiry, whether in a plea in offset, a count in debt, and one on simple contract, can be joined. The objection urged is, that the pleas are different in their nature and require different trials before different tribunals. The same difficulties, however, will occur, when the demands to be offset are of a different nature. If the action is debt on judgement, and the plea in offset is an assumpsit; if the action is covenant, and the offset is debt on judgement or assumpsit, the pleas would be liable to the same objection, and if it is well founded, we shall be driven to the conclusion, that in actions of debt on record, spcially, or simple contract, or actions of assumpsit, or covenant, nothing can be pleaded in offset, but demands of a similar nature. This conclusion would wholly destroy the beneficial object intended by the statute ; and if this resulted from the rules and forms of pleading, as I have already remarked, it would be our duty so to alter them, as to give effect to the statute. In our statute of offsets, which regulates the proceedings in actions commenced before the county court, it is said, that the plea shall be in the nature of a declaration, in one or more counts, and so must the plea or notice of setoff under the English statute. *Saunders* and *Chitty* both say, that the subject of the setoff must be stated nearly in the same manner as in a declaration. It is considered as so far in the nature of a declaration of one or more counts, that if one part or count be bad, and another good, a general demurrer to the whole cannot be sustained. On examining the forms of pleas in offset in *Chitty's pleadings*, we find a form consisting of one demand on a recognizance, and another on simple contract, and others on money counts, and also the form of a replication of *nul tiel record* to that part of the plea on the recognizance, and *nil debet* to the residue of the plea on simple contract, and tendering an issue to the country on that part of the plea. *Saunders*, in his treatise on pleadings and evidence, says, that such should be the replication ; and it appears to be sanctioned by what fell from the court in *Solomons vs. Lyon*, 1 *East*, 369. We can see no difficul-

ty in practice, in determining the rights of the parties on all the counts, whether in the declaration, or in the several counts of the plea in offset. Those counts which terminate in an issue to the court must be determined by the court ; and when all the issues of law are determined, the jury will assess damages, find the issue joined to the country, and render a general verdict against the party in arrear, agreeably to the directions of the statute. As the same objections against the joinder of these two counts, will be equally fatal to a plea of any demand in offset, of a different nature from the one set forth in the declaration ; as the English authorities countenance the practice of joining counts of a different nature in a plea of offset ; and as the statutes which must regulate these proceedings seem imperiously to require it, we are led to the conclusion, that the objections to the plea for misjoinder of counts in debt and in assumpsit, are not well taken. And as one of the counts in the plea is unexceptionable, the judgement of the county court was correct in deciding the plea sufficient.

It is of no consequence for us to consider the objections to the other count, as from the view already taken, the judgement must be for the defendant. As an original declaration this count is unquestionably liable to many objections, and would not stand the test of a demurrer. Whether it may not be considered as so far in the nature of a declaration, as to be good as a plea in offset, may be a subject of more doubt. Some deviations from the established forms may be necessary in a plea of offset. But this is a question which it is not necessary for us to determine. The cause will have to be remanded to the county court for the assessment of damages on the plea in offset, and also for the trial of the issue. This ought to have been done before the cause came here. Indeed, the cause is not regularly before the court, as there is no judgement of the county court completed, for us to affirm or reverse. But as this was not noticed until after the cause was argued, and as the parties requested a decision on the demurrer, we have considered it and determined it as above.

*Smith,* for the plaintiff.

*Hunt & Beardsley,* for the defendant.